UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVINNTERRA RICHARDSON,<br>Petitioner,<br>v.<br>RON RACKLEY,<br>Respondent. | Case No. 17-cv-07374-PJH<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br>Re: Dkt. No. 13 |

This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the ground that the petition is barred by the statute of limitations. Petitioner has filed an opposition. For the reasons that follow, the motion is granted.

## DISCUSSION

**Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the

exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2). The one-year period may start running from "the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner pled no contest and was sentenced on June 6, 2014. Petition at 1. Petitioner did not appeal. The conviction therefore became final 60 days later on August 5, 2014, when the time for filing an appeal expired. *See Mendoza v. Carey*, 449 F.3d 1065, 1067 (9th Cir. 2006) (because California prisoner did not appeal his conviction, process of direct review became final 60 days after conviction); Cal. Rule of Court 8.308(a). The statute of limitations expired one year later on August 5, 2015. See 28 U.S.C. § 2244(d)(1). The instant federal petition filed on December 18, 2017, is thus untimely absent tolling.[1]

Petitioner alleges that on August 14, 2017, she submitted a state habeas petition to the Alameda County Superior Court that was ignored. Petition at 13. Petitioner then filed state habeas petitions with the California Court of Appeal and California Supreme Court that were both denied. Motion to Dismiss, Ex. 1.

Even assuming petitioner did file a petition with the Alameda County Superior Court that was ignored, all of petitioner's state habeas petitions were filed more than two years after the expiration of the statute of limitations so she will not receive tolling. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). Thus, this petition is untimely.

Petitioner also argues that she is actually innocent, which may serve as an equitable exception to the statute of limitations. In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court ruled that a "convincing showing" of actual innocence under

---

[1] The court affords petitioner application of the mailbox rule as to all her habeas filings. *Houston v. Lack*, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities).

*Schlup v. Delo*, 513 U.S. 298 (1995) can overcome the AEDPA statute of limitations. In *Schlup*, 513 U.S. at 324, the Supreme Court held that a claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." Further, "the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.* at 327. Under *Schlup*, petitioner must establish his or her factual innocence of the crime, and not mere legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Jaramillo v. Stewart*, 340 F.3d 877, 882–83 (9th Cir. 2003).

The Supreme Court has stressed that the exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." *House v. Bell*, 547 U.S. 518, 522 (2006). Moreover, the Ninth Circuit has noted that, because of "the rarity of such evidence, in virtually every case, the allegation of actual innocence has been summarily rejected." *Shumway v. Payne*, 223 F.3d 982, 990 (9th Cir. 2000) (quoting *Calderon v. Thomas*, 523 U.S. 538, 559 (1998)).

In support of her actual innocence claim, petitioner contends that the victim initially reported to police that she did not know who attacked her but then pointed to petitioner and identified her as the assailant and that this all occurred on a busy street. Docket No. 9 at 1-2. Petitioner has not presented new evidence because all of these facts were known to petitioner when she pled no contest. These allegations do not rise to the high level required to state a claim of actual innocence. *See Schlup*, 513 U.S. at 328 (noting the need to present "evidence tenably claimed to have been wrongly excluded or to have become available only after the trial"); *see also Lee v. Lampert*, 653 F.3d 929, 945 (9th Cir. 2011) (en banc) ("to pass through the *Schlup* gateway, a petitioner must show *reliable* evidence of his [or her] innocence that was not, and could not have been, presented at trial") (Kozinski, C.J., concurring). The petition is dismissed as untimely.

3

**CONCLUSION**

Respondent's motion to dismiss (Docket No. 13) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claim because reasonable jurists would not find the court's findings debatable.

4

The court therefore **DENIES** a COA.

    **IT IS SO ORDERED.**

Dated: July 30, 2018

_____
PHYLLIS J. HAMILTON
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVINNTERRA RICHARDSON,

    Plaintiff,

v.

RON RACKLEY,

    Defendant.

Case No. 17-cv-07374-PJH

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Davinnterra Richardson ID: WE-9948
Folsom Women's Facility
P.O. Box 1790
Folsom, CA 95763

Dated: July 30, 2018

Susan Y. Soong
Clerk, United States District Court

By:_____
Kelly Collins, Deputy Clerk to the
Honorable PHYLLIS J. HAMILTON